```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

ARTHUR E. SMITH,

                  Petitioner,

vs.                                     Case No.  2:05-cv-406-FtM-99SPC

SECRETARY, DOC; FLORIDA ATTORNEY GENERAL,

                  Respondents.
_____

**OPINION AND ORDER**

**I. Status**

Petitioner Arthur E. Smith (hereinafter "Petitioner" or "Smith") initiated this action by filing a Petition for Writ of Habeas Corpus ("Petition," Doc. #1) and attached a memorandum of law in support of the Petition ("MOL," Doc. #2) on August 17, 2005. Respondent filed a Response (Response, Doc. #10) on January 18, 2006, and attached exhibits (Exhs. #1-#33, not scanned on docket; Docs. #11, #12) of the relevant state court proceedings and motions. After the Court granted Petitioner an extension of time, Petitioner filed a Reply (Reply, Doc. #15) and attached exhibits (Doc. #16, not scanned on docket). This matter is ripe for review.

**II. Procedural History**

On October 9, 1991, Petitioner was indicted on one count of first degree murder. Exh. 1. After a jury trial before the

Twentieth Judicial Circuit Court, Collier County, Florida, Petitioner was found guilty of a lesser included offense of second degree murder with a firearm or weapon. Exh. 2. In accordance with the jury's verdict, Petitioner was sentenced to seventeen years in prison, followed by five years on probation. Exh. 3. Petitioner did not appeal the conviction or sentence. Response at 2.

Petitioner was released from jail and began the probationary period of his sentence in April 1999. Id. On November 18, 1999, Petitioner's probation officer filed an affidavit of violation of probation (hereinafter "first revocation of probation" or "2000 incident"). Exh. 4. On March 6, 2000, the trial court held a hearing on Petitioner's violation of probation. Exh. 5. Upon hearing the evidence, the trial court revoked Petitioner's probation and imposed a sentence of twenty-seven years in prison, suspended upon completion of one-year community control followed by four years of probation. Exh. 6.

Petitioner, through counsel Jennifer Fogle, appealed the trial court's revocation of probation on October 3, 2001. Exh. 7. On appeal, Petitioner raised one issue: whether the trial court legally erred in revoking Petitioner's probation. Id. The state filed a brief in response. Exh. 8. On April 17, 2002, the appellate court *per curiam* affirmed the revocation of probation. Smith v. State, 818 So. 2d 515 (Fla. 2d DCA 2002)(Table); Exh. 9. Mandate issued May 13, 2002. Exh. 10.

On January 30, 2003, Petitioner's probation officer submitted an affidavit of violation of probation again alleging that Petitioner violated the terms of his probation (hereinafter "second revocation of probation" or "2003 incident"). Exh. 11.  This time it was alleged that Petitioner violated the terms of probation by committing a felony.  Id.  On December 3, 2003, the trial court held a hearing concerning Petitioner's second reported violation of probation.  The court found Petitioner guilty of violating his probation, revoked his probation, Exh. 13, and sentenced Petitioner to twenty-seven years in prison, Exh. 14.

Petitioner, through counsel Edward Giles, appealed the trial court's decision on March 23, 2005.  Exh. 15.  On appeal, Petitioner raised two issues: (1) whether the trial court erred in violating [Smith's] probation where the scope of the search for a weapon exceeded that necessary for officer safety; and (2) whether the trial court erred in sentencing [Smith] to a term of twenty-seven years for violation of his probation.  Id.  The State filed a brief in response, Exh. 16, and Petitioner filed a Reply, Exh. 17.  The appellate court heard oral argument, Exh. 18, and then entered an order affirming the revocation of probation and the sentence imposed by the court.  Smith v. State, 911 So. 2d 1244 (Fla. 2d DCA 2005); Exh. 19.  Mandate issued October 7, 2005.

On November 14, 2003, in between the first and second revocation of probation hearings, Petitioner filed a *pro se* state petition for writ of habeas corpus in the trial court.  The state

petition raised issues concerning the trial court's refusal to release Petitioner on his own recognizance and other related claims. Exh. 21. The trial court denied the petition on November 25, 2003. Exh. 22.

Petitioner appealed the trial court's denial of his state habeas petition to the appellate court. Exh. 23. The appellate court entered an order, Exh. 24, stating that the proceeding would be treated as an original petition for writ of habeas corpus and further ordered Petitioner to file a habeas within fifteen days.

On February 3, 2004, Petitioner filed a state habeas petition, not raising any claims regarding bond, and for the first time argued that his appellate counsel rendered ineffective assistance in the 2002 appeal from his first revocation of probation. On February 24, 2004, the appellate court issued an order treating the proceeding as one alleging ineffective assistance of appellate counsel. Exh. 25. The order also directed Petitioner to supplement the petition with a certificate of service to the Attorney General and to file an amended petition with the proper oath. Petitioner complied with the court's order. Exhs. 26, 27.

On April 5, 2004, the appellate court issued an order dismissing the petition to the extent it concerned bond issues, and directed the State to respond to the alleged ineffective assistance of appellate counsel. Exh. 28. The State filed a response brief. Exh. 29. Petitioner filed a reply brief. Exh. 30. On October 15, 2004, the appellate court entered an order denying Petitioner's

amended petition alleging ineffective assistance of appellate counsel without further discussion. Smith v. State, 892 So. 2d 1033 (Fla. 2d DCA 2004); Exh. 31. Petitioner filed a motion for rehearing, Exh. 32, which the appellate court denied on December 10, 2004. See Exh. 33.

### III.  Federal Petition for Writ of Habeas Corpus

Petitioner raises one ground in the Petition *sub judice*:

> Denial of effective assistance of counsel when appellate counsel Jennifer Fogle failed to "file [an] initial brief or requisite Anders Brief."

Petition at 5. In pertinent part, Petitioner alleges that appellate counsel "sought procurement of the record." MOL at 6. The appellate court then ordered counsel to file Petitioner's brief within fifty days of its August 8, 2001 Order. Id.; Response at 6. Upon expiration of the time, Petitioner claims counsel filed a mooted motion to compel in lieu of the brief on its merits. Id. On April 12, 2002, the appellate court affirmed the trial court. Id.

In Response, Respondent argues that the instant Petition is untimely and, as such, is subject to dismissal. Response at 6. Alternatively, Respondent argues that the claim is due to be denied on the merits for failure to meet the requirements of 28 U.S.C. 2254(d) and (e).

## IV.  Applicable § 2254 Law

Petitioner filed his Petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996). Consequently, post-AEDPA law governs this action. Penry v. Johnson, 532 U.S. 782, 792 (2001); Davis v. Jones, 506 F.3d 1325, 1331, n.9 (11th Cir. 2007).  The AEDPA imposes a one-year statute of limitations on § 2254 actions.  28 U.S.C. § 2244(d).

The statute of limitations that governs the filing of Petitioner's Petition and Amended Petition is set forth at 28 U.S.C. § 2244(d) and provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of  -
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Here, Petitioner's first revocation of probation on March 6, 2000, became final on **July 15, 2002** (ninety days after the appellate court entered its opinion on direct review on April 17, 2002). See Rules of the Supreme Court of the United States, Rule 13.3; see also Chavers v. Sec. Dept. of Corrections, 468 F.3d 1273, 1275 (11th Cir. 2006).[1]  Therefore, Petitioner had one year from the date his conviction became final to file a federal habeas petition, or until **July 15, 2003,** unless Petitioner availed himself of one of the statutory provisions which extends or tolls the time period. 28 U.S.C. § 2244(d)(2).

As Respondent correctly notes, the only collateral proceeding challenging the first revocation judgment was Petitioner's state habeas corpus petition alleging appellate counsel rendered ineffective assistance on the appeal from the revocation judgment. At the earliest, that proceeding was initiated when Petitioner filed his state habeas petition in the trial court on November 14, 2003.  Even if this state habeas petition was properly filed, it

---

[1] Supreme Court Rule 13.3 states, in pertinent part, that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate[.]"

-7-

does not toll the statutory one-year time period because that time had already expired four months earlier, on **July 15, 2003**. See Tinker v. Moore, 255 F.3d 1331 (11th Cir. 2001), cert. denied, 534 U.S. 1144 (2002)(quoting Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(holding that state court petition that is filed following the expiration of the federal limitations period "cannot toll that period because there is no period remaining to be tolled.")). Also, although Petitioner filed a direct appeal challenging his second revocation of probation in 2003, this proceeding does not toll the time for filing the instant Petition because that proceeding involved direct review of a different judgment. Based on the foregoing, the instant Petition filed on August 17, 2005, is untimely. Petitioner did not file any other state motions for post-conviction relief until after the expiration of the federal one-year limitation period had expired. "Once the AEDPA's limitations period expires, it cannot be reinitiated." Tinker, 255 F.3d at 1333-34.

Further the Petitioner does not articulate any justifiable reason to apply the doctrine of equitable tolling to the Petition. Specifically, Petitioner argues that is entitled to equitable tolling because he was not "notified that this appeal was affirmed until [after] the one-year limitation had expired." Petition at 8. In his Reply, Petitioner mentions allegations not included in his Petition concerning why equitable tolling should apply in this

case, including, *inter alia*, his appellate counsel did not return his phone calls and "misled" him. See generally Reply. Equitable tolling is appropriate where a petitioner establishes both extraordinary circumstances that are both beyond his control and due diligence. Diaz v. Sec. Dept. of Corrections, 362 F.3d 698, 702 (11th Cir. 2004).  Here, in particular, Petitioner fails to demonstrate due diligence. Petitioner fails to explain the more than a year-long delay in filing his first state habeas petition in which he did not raise this ineffective assistance of appellate counsel claim.  It was not until Petitioner filed his amended state habeas petition in the appellate court that he alleged appellate counsel rendered ineffective assistance.[2]  These facts *sub judice* do not justify equitable tolling.

ACCORDINGLY, it is hereby

**ORDERED:**

1.  The Petition for Writ of Habeas Corpus (Doc. #1) is **DISMISSED as untimely with prejudice**.

---

[2]Upon review of the record it is clear that Petitioner's appellate counsel did file an appellate brief raising substantive claims on appeal from Petitioner's first probation revocation. With Petitioner's substantive allegations directly refuted by the record, it is clear that the state courts' did not violate Strickland v. Washington, 466 U.S. 668 (1984), nor was the determination unreasonable in light of the facts.

-9-

2.  The Clerk of Court shall: (1) terminate any pending motions; (2) enter judgment accordingly; and (3) close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this   29th   day of September, 2008.

                                                                _____
                                                                JOHN E. STEELE
                                                                United States District Judge

SA: alj
Copies: All Parties of Record